IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 4:13-CV-205 |
| v. | ) ) | |
| BRIGHT PETROLEUM INC. d/b/a THE BRIGHT MARKET | ) ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Michelle Bunte.  As alleged with greater particularity in paragraphs seven through eleven below, the Commission alleges that Defendant retaliated against Michelle Bunte by subjecting her to unwarranted scrutiny, discipline and termination because she filed a charge of discrimination with the Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, New Albany Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Bright Petroleum Inc. d/b/a The Bright Market ("Defendant Employer") has continuously been an Indiana corporation doing business in the State of Indiana and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michelle Bunte filed a charge with the Commission alleging a violation of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 5, 2012, Defendant Employer has engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Michelle Bunte to increased scrutiny and discipline and terminating her because she filed a sex discrimination charge with the Commission.

8.      Michelle Bunte filed a sex discrimination charge with the EEOC and on June 28, 2012, a Notice of Charge of Discrimination was mailed to Defendant Employer, indicating "(S)igned charge to follow at later date."

9.      Defendant Employer received the Notice of Charge of Discrimination on or about July 5, 2012 and shortly thereafter confronted Bunte about her charge and told her that she should discuss matters with management first, before going to the Commission.

10.     On or about July 30, 2012, Defendant Employer received Bunte's signed charge of sex discrimination. Defendant Employer met with Bunte that day, asked her why she hadn't dropped her discrimination charge and warned that Bunte's job was in jeopardy because of her discrimination charge.

11.     After learning of Bunte's charge of discrimination, Defendant Employer subjected Bunte to increased scrutiny and discipline and ultimately terminated her on August 16, 2012, in retaliation for filing and maintaining a charge of discrimination with the Commission, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

12.     The effect of the practices complained of in paragraphs 7, 9, 10 and 11 above has been to deprive Michelle Bunte of equal employment opportunities and otherwise adversely affect her status as an employee, because she exercised her rights under Title VII of the Civil Rights Act of 1964.

13.     The unlawful employment practices complained of in paragraphs 7, 9, 10 and 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 7, 9, 10 and 11 above were done with malice or reckless indifference to the federally protected rights of Michelle Bunte.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation or any other employment practice which discriminates on the basis of having filed a charge with the Commission or otherwise invoking the protections of Title VII or assisting others in doing so.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of the alleged past and present unlawful employment practices.

C. Order Defendant Employer to make whole Michelle Bunte, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices described in paragraphs 7, 9, 10 and 11.

D. Order Defendant Employer to make whole Michelle Bunte by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 9, 10 and 11 above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Michelle Bunte punitive damages for its malicious and reckless conduct described in paragraphs 7, 9, 10 and 11 above, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Michelle Bunte, by providing rightful place instatement.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*s/Laurie A. Young*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*s/Michelle Eiselle*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*s/Nancy Dean Edmonds*
NANCY DEAN EDMONDS
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN  46204
(317) 226-7229
Nancy.edmonds@eeoc.gov